TOWNSEND *vs.* GRAY.

If A. B. and C. are empowered by act of the Legislature to issue their warrant for the collection of a tax, the power is joint, and must be executed by all.—If two only sign the warrant, it is void.

THIS was an action of ejectment for Lot No. 38, laid to the right of Andrew Wiggins in Hubbardton.

Plea—*The General Issue.*

It appeared on trial that in October, 1787, the Legislature passed an act granting a tax of two cents on each acre of land in Hubbardton, for the purpose of making and repairing roads in said town. By the act granting the tax, J. Sellock, D. Hiecok and J. Whelpley were appointed a committee to lay out the money and superintend the work on the roads, and N. Rumsey was appointed collector of the tax. The act empowered the said Sellock, Hiecok and Whelpley, after the amount of the tax should be expended in labor on the roads, to issue *their warrant under their hands* to the said collector, to collect of the delinquent proprietors of said Hubbardton, respectively, what should remain unpaid of the tax ; and empowered the said N. Rumsey, under such warrant, to sell so much of the several delinquent land-owners' lands, as would be sufficient to raise the money remaining unpaid by them respectively on said tax.

A warrant was offered in evidence to said Rumsey collector of said tax, signed by two only of said committee, J. Sellock and D. Hiecok. J. Whelpley, it was said, refused to act on account of some objection to the proceedings at the time.

The counsel for the defendant took exceptions to the evidence, on the ground that the authority to issue the warrant having been given to three without any saving or exception, all must join to render the warrant legal. Two cannot, without the third, legally execute the power. It is like a private authority given to a number of persons to do a certain act, in which case the power is joint, and all must join, unless there be a special provision in the appointment, that a number less than the whole may act. 1 Bac. Ab. 200—201.

The counsel for the plaintiff contended, that the committee in this case resemble a corporation, or an office of a corporation exer-

*Rutland,*
June adj'd
term, 1797.

Townsend
. *vs.*
Gray.

cised by several persons, as selectmen of a town, in both which cases, the acts of a majority are valid.

They further contended, that J. Sellock, D. Hiecok and J. Whelpley having been appointed a committee by the Legislature, for the purposes mentioned in the act, their power is of the same nature as that of a committee appointed to report on particular measures during the session of the Legislature—a majority of whom were always deemed sufficient to act.

So where two persons are deputed to make an arrest, one may execute the precept.   1 Strange 117.  King against Roe.

*By the Court.*  The act of the Legislature in this case is a private act, although some of the powers given by the act, are regulated by publick statutes.   The committee named in the act are not a corporation or *quasi* a corporation.   They are joined in a trust with certain powers.   Whether these powers can be exercised only by the joint act of the three, must depend on the principles of law in analogous cases.

In corporations, the act of a majority are binding at common Law, unless there be restrictions in the act creating the corporation. The same principles have been extended by custom, or more probably by a derivative right to several persons holding and exercising a right under a corporation, as in the case of selectmen of a town.

As to committees of the Legislature in session, they have no power to act finally.   They are appointed to examine, digest and report matters on which the Legislature are to deliberate and decide.— The doings of the committee are merely preparatory, and have no binding force.   The authority given by this act in its nature and manner of exercise, resembles a private authority, though given by act of the Legislature, rather than a publick or general authority, or the powers of a corporation, to which indeed it has no resemblance except in the plurality of agents.

The Legislature might have regulated the exercise of the powers given by the act to these three persons, in any manner which they might have deemed expedient.   But in the act no word or expression is used, which can take the case out of the common rules of law. By the act, J. Sellock, D. Hiecok and J. Whelpley are empowered to issue their warrant to the collector.   It is not said that they, or any two of them shall be empowered to issue their warrant.   It will

be found that the Legislature have understood this matter in the same light. They have not considered that acts of commissioners, trustees, &c. are valid, unless performed by the whole number, without special provision for the purpose. Such provisions have been made in several cases where it was deemed necessary or expedient. As in the case of trustees of town schools, in the act appointing commissioners to negociate with the State of New-York; and the act for the partition of lands, in the last paragraph, has the same provision.

In the execution of an authority or trust of this nature, there are good reasons why all the persons appointed should join in the execution of their powers. For although it may sometimes occasion embarrassment, yet it gives an additional security against mistakes and frauds.

Where several are appointed referees by rule of Court, or arbitrators appointed by the parties, the law is settled that all must join, unless it be otherwise provided by the rule of Court, or by the submission.

The case of an arrest by one, where two had been deputed, is treated in the books as an exception to the general rule, for the sake of publick justice, in the execution of legal process, and has no application to the present case. The warrant therefore cannot be admitted in evidence.

Verdict for defendant.